UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TONY X. CARRUTHERS #139604,

    Plaintiff,

v.                                3:04-cv-539

WARDEN JACK MORGAN, et al.,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $150.00 filing fee.[1] Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

---

[1] Plaintiff submitted his complaint before the filing fee increased from $150.00 to $250.00.

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). He brought this action during his confinement in the Brushy Mountain Correctional Complex (BMCX). Plaintiff alleges that he is a death row inmate who was housed in punitive segregation with mentally ill inmates, in violation of his Eighth Amendment right against cruel and unusual punishment. The defendants are TDOC Commissioner Quenton White, BMCX Warden Jack Morgan, and numerous other prison officials.

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." A prison official violates an inmate's rights under the Eighth Amendment if, acting with deliberate indifference, the official exposes the inmate to a substantial risk of harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A claimed Eighth Amendment violation has two components, each of which an inmate is required to prove.

First, the deprivation must be objectively serious so as to result in a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. The second component of an Eighth Amendment claim is a subjective one. There must be a showing of deliberate indifference on the part of the prison official. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994). This requires a showing of more than negligence or lack of due care. It must be shown that the prison official exhibited at least reckless disregard of the inmate's serious health risk. A prison official to be liable, "must both be aware of facts from which the inference could be drawn that a serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's complaint fails to meet either component of an Eighth Amendment claim. Plaintiff does not allege that he has suffered an injury so objectively serious as to result in a substantial risk of serious harm, nor has he demonstrated deliberate indifference on the part of prison officials to a risk of harm. *See, e.g.*, *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069 **1,3 (6th Cir. November 12, 1999) (unpublished opinion) (civil rights action by inmate "housed next to a mentally ill patient who smeared feces on the walls of his cell" was properly dismissed because plaintiff had "neither claimed nor shown that the defendants housed him next to the mentally ill inmate with the purpose of endangering his health or safety"); *McFall v. Boyd*, No. 92-5199 *1 (6th Cir. August 13, 1992) (unpublished opinion) (in civil rights action brought by inmate who was housed with psychotic inmates, "[t]he alleged failure to provide adequate treatment for mentally ill prisoners does not establish that defendants were deliberately indifferent to [plaintiff's] safety and security").

In addition, pursuant to the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has interpreted § 1997d(e) to require a prisoner bringing a claim under the Eighth Amendment to show an actual physical injury, which must be greater than a de minimis injury. *See, e.g., Scott v. Churchill*, No. 97-2061, 2000 WL 519148 *3 (6th Cir. April 6, 2000) (unpublished decision) ("prisoner must allege that he sustained more than de minimis injury in order to state a viable excessive force

3

claim"). Plaintiff seeks monetary damages for suffering and mental anguish, but does not allege he suffered any physical injury from being housed with mentally ill inmates.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $150.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

4

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of one hundred fifty dollars ($150.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the West Tennessee State Prison, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

                s/ Leon Jordan
               United States District Judge